*Walker, Morehead & Reed* for defendant.

---

CHANCERY,  **Nesbit & Roberts** *vs* **Moore's Heirs &c.**

*Case* 119.              ERROR TO THE HARRISON CIRCUIT.

*Vendor and Vendee. Specific Performance.*

*September* 20.   JUDGE SIMPSON delivered the opinion of the Court.

Case stated.     ANDREW MOORE sold to Benson Roberts and William Nesbit, forty eight acres of land, at the price of fifty ty dollars per acre, payable one third in hand, and the balance in two equal annual installments. The vendees took possession, and have held it ever since. A deed was to be made, upon the payment of the last installment of the purchase money. The vendor died before the purchase money was all paid. After his death, the vendees having paid to the administrator the balance of the purchase money, brought an action at law against him and the heirs, for a breach of the covenant to convey, and recovered a judgment for the purchase money, with interest thereon, from the time it had been paid.

The land sold had belonged to William Moore, the father of the vendor, and after his death, had, in the division of his real estate among his children, been allotted to his daughter Margaret, the wife of Hubbard M. Tibbs. After the division, Tibbs and wife conveyed it to Andrew Moore. The division was made by Commissioners appointed by the County Court, and although the heirs entered upon, and took possession of the part allotted to each of them, no deeds of partition had been made or executed by them.

Some of the heirs of the vendor were infants when he died, and at the time the judgment at law was recovered. The only defect in the vendor's title arose from the failure to execute deeds of partition. The vendees have had the undisturbed possession and enjoyment of the land ever since the purchase. It does not appear that they ever demanded a deed, or that they have sustained any injury by not having obtained one. A suit in chancery had been instituted by the heirs of William Moore, for the purpose of having the division confirmed and the title perfected, by deeds of partition, and was pending at the time the action at law was commenced.

Under these circumstances, this suit was brought by Moore's heirs to enforce a specific execution of the contract. During its pendency, a decree was rendered in the suit, which had been instituted for that purpose, confirming the division, and directing the execution of deeds of partition, which were accordingly made. This fact was alleged in an amended bill, and copies of the dcree and deeds exhibited. The Circuit Court granted the relief prayed for, and the vendees have brought the case to this Court for revision.

The main question presented is, whether the judgment recovered by the vendees precludes the complainants from obtaining the relief sought by them, or whether, notwithstanding the general rule that the Chancellor will not, by enforcing a specific execution, relieve against a judgment at law fairly obtained, on account of the failure of the vendor to convey. The relief granted, was authorized by the peculiar circumstances attending this case? *The main question presented by the record.*

The vendor was not in default during his life. Part of his heirs being infants, were unable to convey at the time the vendees, by the payment of the purchase money, acquired a right to a conveyance, even had the title been perfect. The vendees could have obtained a complete title by application to a Court of Chancery. It was, therefore, unfair, and indicative of an intention to obtain an undue advantage, to bring an action at law for a rescission of the contract instead of a suit in

NESBIT & ROB-
ERTS
vs
MOORE'S HEIRS,
&c.

A vendee pur-
chased a tract of
land to be paid
for by instal-
ments, paid one
instalment and
entered into pos-
session; vendors
died leaving in-
fant heirs; ven-
dee paid to the
adm'r. of vendor
the other instal-
ments. and sued
the adm'r. and
heirs for failing
to convey when
the last instal-
ment of the price
was paid, (when
the deed was to
have been made,)
and recovered a
judgment for the
purchase money.
The heirs of ven-
dor filed their
bill for a specific
per f o r m a n c e
with injunction
to the judgment,
obtained a clear
title before the
hearing.——Held
that the judg-
ment at law un-
der such circum-
stances, was not
fairly obtained,
presented and no
obstacle to a de-
cree for specific
performan.ec

Where a record
is referred to as
forming a link in
a chain of title,
it should be ex-
hibited that the
Court may see
that the proper
parties were be-
fore the Court.

Chancery for the title, when some of the heirs were disabled by infancy to comply with the contract of their ancestor.

There can be no doubt, under the state of the case here presented, that the complainants could have compelled a specific execution of the contract, if they had applied to the Chancellor for that purpose, at any time before the recovery of the judgment at law. As some of them were infants at the time, the judgment cannot be successfully relied upon as a legal advantage fairly and properly obtained, which has the effect of depriving them of this equitable right. An advantage that is obtained over infants, cannot be viewed by a Court of equity as justly and fairly obtained, or as presenting any obstacle to the enforcement in their favor of a clear and undoubted equity.

The Circuit Court, therefore, was right in deciding that the contract should be specifically executed, notwithstanding the judgment at law. But as the record of the suit in chancery for the confirmation of the division was not exhibited, it does not appear that the parties to that suit were all served with process, and, therefore, the Court should have required the production of the record, so as to have left no doubt on that point.

For this defect in the preparation, the decree will have to be reversed; but as it is apparent that the title was in the heirs of William Moore, deceased, and that a decree has been rendered, confirming the division among the heirs, and having deeds of partition made, from which it is almost certain that no defect exists in the complainant's title, they will be allowed, on the return of the cause, to show, by an exhibition of the record, that the heirs were all properly before the court, and to take proof that the persons named are the heirs at law of William Moore, deceased.

Wherefore, the decree is reversed, and cause remanded, for further proceedings consistent with this opinion.

The parties must each pay their own costs in this Court.

*Curry* for plaintiffs; *Wall* for defendants.